IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OHIO DISTRICT
EASTERN DIVISION

**LINDA K. BROWN,**

    Plaintiff,

v.                                       Case No. 2:17-cv-851
                                          JUDGE EDMUND A. SARGUS, JR.

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## OPINION AND ORDER

This matter is before the Court on an Objection by the plaintiff, Linda K. Brown, to the Report and Recommendation issued by the Magistrate Judge, recommending adoption of the final decision of the Commissioner of Social Security denying disability benefits to Linda K. Brown. For the reasons that follow, the Objection is **SUSTAINED** and this case is **REMANDED** to the Commissioner for further consideration in accordance with this decision.

**I.**

The Magistrate Judge issued a Report and Recommendation (ECF No. 24) from which the plaintiff has filed a timely Objection (ECF No. 25.) The gist of the plaintiff's Objection has to do with Melanie Mathews, a physician's assistant in the office of Dr. Michael Sayegh, a pain management physician who treated the plaintiff for several years. Ms. Mathews completed a functional capacity questionnaire. One year later, Dr. Sayegh was asked to complete a Review and Affirmation. (Rec. p. 805.) On April 17, 2015, Dr. Sayegh verified that he agreed with the analysis and conclusions reached by Ms. Mathews, who is clearly identified in the medical records in evidence as an MS, PA-C. (Rec. pp. 801 and 803.) The PA-C designation indicates that she is a physician's assistant.

1

The Administrative Law Judge (ALJ) rejected Dr. Sayegh's findings of severe impairments. The ALJ wrote:

> There is chronic pain residual function capacity questionnaire that was completed by Melanie Mathews who is not included in the claimant's treatment records. It was not completed or signed by Dr. Sayegh at that time. . . . Minimal weight to give [sic] to the statement of Ms. Mathew's at Exhibit 8F not signed by Dr. Sayegh for over a year.

With these and other findings, the ALJ rejected the opinion of Dr. Sayegh, a treating physician, and accepted contrary conclusions reached by examining, but non-treating experts.

The bases for the ALJ's rejection of Dr. Sayegh's opinions are contrary to the facts and therefore not supported by substantial evidence. First, Melanie Mathews is clearly identified in the record as a physician's assistant working with Dr. Sayegh. Second as such, she is at least, as to claims filed after March 27, 2017, an acceptable medical source in her own capacity. *See* 20 C.F.R. 404.1513. The Court recognizes that these new regulations deeming physician's assistants as acceptable medical sources do not apply to the case at bar. Nonetheless, the Commissioner of Social Security has clearly recognized that physician's assistants such as Ms. Mathews have the training and expertise to diagnose the existence and severity of an impairment. Third, those facts provide a ready explanation as to why Dr. Sayegh signed the verification one year later. The ALJ does not acknowledge that the Social Security Administration sent the verification form to the doctor. The timing was controlled by the agency, not the doctor. Nowhere does the agency acknowledge the original functional capacity form was signed by a physician's assistant.

From all of this, the Court concludes that the opinion of Dr. Sayegh was discounted in a manner inconsistent with the evidence of record. *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 499-500 (6th Cir. 2014) (errors in the ALJ's characterization of evidence on which non-

disability finding is based warrant remand).   For these reasons, the Court **REVERSES** the Commissioner's nondisability finding and **REMANDS** this case under Sentence Four of 42 U.S.C. § 405(g) for additional fact findings and conclusions of law consistent with this Opinion and Order.

**IT IS SO ORDERED.**

Date:  4/22/2020                                                  s/Edmund A. Sargus, Jr.
                                                        **EDMUND A. SARGUS, JR., JUDGE**
                                                        **UNITED STATES DISTRICT COURT**