IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LINDA K. BROWN,**

    **Plaintiff,**

                                                    **Civil Action 2:17-cv-00851**
                                                  **Judge Edmund A. Sargus, Jr.**
    **v.**                                            **Chief Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

### REPORT AND RECOMMENDATION

This matter is now before the Court on Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (EAJA).  (ECF No. 28).  Plaintiff specifically seeks a fee in the amount of $4,484.00, reflecting 23.6 hours of work compensated at the rate of $190.00 per hour.  (ECF Nos. 28, 28-1.)  Plaintiff does not seek expenses, as she states "[n]o expenses have been incurred in this litigation."  (ECF No. 28 at PAGEID # 1082.)  The Commissioner opposes Plaintiff's request for fees.  (ECF No. 29.)  Plaintiff has not filed a reply.  For the following reasons, it is **RECOMMENDED** that Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (EAJA) (ECF No. 28) be **DENIED**.

### I.  BACKGROUND

Plaintiff applied for disability benefits in July 2013 asserting disability from bipolar disorder, diabetes, diabetic neuropathy, and high blood pressure.  (R. at 412.)  Plaintiff's claim was denied initially and upon reconsideration.  (R. at 195.)  Upon request, a hearing was held on January 15, 2016, in which Plaintiff, represented by counsel, appeared and testified.  (R. at 217-

55.) A vocational expert also appeared and testified at the hearing. (R. at 217-55.) On June 15, 2016, Administrative Law Judge Paul E. Yerian (the "ALJ") issued a decision finding that Plaintiff was not disabled at any time after January 29, 2013, the alleged onset date. (R. at 195-211.) On August 1, 2017, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 2-6.) Plaintiff then timely commenced the instant action.

On February 4, 2020, the Undersigned recommended that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision. (ECF No. 24.) On February 19, Plaintiff timely filed an Objection to that recommendation. (ECF No. 25.) On April 22, 2020, the Court sustained Plaintiff's objection, and remanded the case to the Commission for additional fact findings and conclusions of law. The Commissioner did not appeal the Court's Order, and on July 21, 2020, Plaintiff timely filed the subject Application for Attorney Fees under the Equal Access to Justice Act (EAJA) (ECF No. 28).

## II. LEGAL STANDARD

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, authorizes an award of fees incurred in connection with judicial proceedings:

> [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In *Commissioner, INS v. Jean,* 496 U.S. 154 (1990), the Supreme Court of the United States explained that, under the EAJA, eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court

2

within 30 days of final judgment in the action and be supported by an itemized statement.  *Id.*, 496 U.S. at 158.

### III.  ANALYSIS

Plaintiff seeks a total award of $4,484.00, summarily concluding that "the government's position was not substantially justified." (ECF No. 28 at PAGEID # 1081.)  Plaintiff does not provide any substantive argument in support. (*Id.*)  In response, the Commissioner "does not dispute that Plaintiff is a prevailing party or that her filing was timely, but disputes that she met the other EAJA criteria (i.e., lack of substantial justification for the agency's position)." (ECF No. 29.)  Thus, the issue before this Court is whether there was substantial justification for the Commissioner's position.

Whether the Commissioner's position was substantially justified is essentially a question of reasonableness.  *Sullivan v. Hudson,* 490 U.S. 877, 883–85 (1989); *Pierce v. Underwood,* 487 U.S. 552, 564–65 (1988).  The position of an agency is "substantially justified" if it is "'justified in substance or in the main'—that is, justified to a degree that would satisfy a reasonable person."  *Underwood,* 487 U.S. at 565.  In order to be "substantially justified," an administrative decision must be reasonable in both law and fact.  *Id.* at 565-566.  An agency's position can be substantially justified even if a court ultimately finds that the administrative decision is erroneous or not supported by substantial evidence.  *See United States v. 2323 Charms Rd.,* 946 F.2d 437, 440 (6th Cir. 1991).  The burden of showing substantial justification rests with the Commissioner.  *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *United States v. True,* 250 F.3d 410, 419 n.7 (6th Cir. 2001).

In this case, the Undersigned agreed with the Commissioner's position, concluded that the decision of the Commissioner was supported by substantial evidence, and recommended that

3

the decision of the Commissioner be affirmed.  (ECF No. 24.)  The Court ultimately rejected that recommendation, concluding that the opinion of Dr. Sayegh, a treating physician, was discounted in a manner inconsistent with the evidence of record.  (ECF No. 26.)

Although the Court reversed the decision of the Commissioner, the Undersigned nevertheless concludes that the position of the Commissioner was substantially justified within the meaning of the EAJA.  The Commissioner argues that he "defended this case because he believed that the ALJ properly evaluated Dr. Sayegh's opinion," and "[a]lthough the Commissioner's argument was rejected, the government's defense of the case was reasonable because there was some evidence" supporting the Commissioner's finding.  (ECF No. 29 at PAGEID # 1092.)  Specifically, the Commissioner argues it was reasonable for him to rely on the findings from another treating physician (Dr. Phillips) and on Plaintiff's own subjective complaints.  (*Id.* at PAGEID ## 1092-1093.)  Further, while acknowledging that the ALJ "might have made some mistakes when evaluating the questionnaire," the Commissioner maintains his position was reasonable because the ALJ's mistakes would have been harmless.  (*Id.* at PAGEID # 1093.)  Specifically, the Commissioner pointed out that the ALJ gave multiple reasons why he was not crediting the questionnaire, so the ALJ's mistake regarding the authorship of the questionnaire was irrelevant.  (*Id.*)  The Court ultimately disagreed with the Commissioner's position, but the Commissioner maintains his position was reasonable under the circumstances.

The Commissioner also acknowledges that the Court "believed it was error for the ALJ not to acknowledge that the Social Security Administration sent the verification form to [Dr. Sayegh]."  (*Id.*)  In response, the Commissioner argues its litigation position "was premised on the Commissioner's belief that the ALJ's statement about [Dr. Sayegh] not signing the form for over a year was in response to an inaccurate statement by Plaintiff's attorney."  (*Id.* at PAGEID

## 1093-1094.)  The Commissioner argues that "[s]ince Plaintiff's attorney made a representation that the ALJ thought was inaccurate, the Commissioner believed that it was reasonable for him to note that Dr. Sayegh did not sign the questionnaire at the time it was issued."  (*Id.* at PAGEID # 1094.)  Again, while the Court ultimately disagreed with the Commissioner's argument, the Commissioner maintains his position was reasonable under the circumstances.

The Undersigned finds that the Commissioner's position was reasonable in this case.  Simply because the Court rejected the Commissioner's position that there was substantial evidence in the record supporting the administrative law judge's decision alone fails to establish that the Commissioner's position was not substantially justified.  *See Jankovich v. Bowen,* 868 F.2d 867, 869-870 (6th Cir. 1989).  The Commissioner's position is substantially justified if "it was grounded in a reasonable belief in fact and law that" the claimant was not disabled.  *Id.* at 870.  Under these circumstances, the Undersigned concludes that the Commissioner's position was substantially justified.  *Cf. Howard v. Barnhart,* 376 F.3d 551, 554 (6th Cir. 2004) ("The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified.").  Specifically, it was reasonable for the Commissioner to rely on the findings from another treating physician (Dr. Phillips) and on Plaintiff's own subjective complaints, and it was reasonable for the Commissioner to note that Dr. Sayegh did not sign the questionnaire at the time it was issued, given the information provided by Plaintiff's counsel.  In sum, the Commissioner's position was reasonably based on the facts of the case.  It follows that an award of fees under the EAJA is unwarranted.

5

### IV. CONCLUSION

For the reasons stated above, the Undersigned concludes that the Commissioner's litigation position in this case was substantially justified. Accordingly, it is **RECOMMENDED** that Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act (EAJA) (ECF No. 28) be **DENIED**.

### V. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


**Date: November 4, 2020**          /s/ *Elizabeth A. Preston Deavers*_____
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **CHIEF UNITED STATES MAGISTRATE JUDGE**